IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHARLES JAMES KARNES,

        Petitioner,

        v.

S. FRANK THOMPSON,

        Respondent.

Case No. 3:10-cv-238-PK

ORDER

MARSH, Judge.

Magistrate Judge Papak filed his Amended Findings and Recommendation on February 8, 2012. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981); accord

1 - ORDER

Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). Petitioner has filed timely objections. Therefore, I have given the file of this case a *de novo* review.

For the reasons set forth below, I adopt Magistrate Judge Papak's recommendation that petitioner's habeas petition be denied. However, I modify the Findings and Recommendation as follows.

## DISCUSSION

On December 5, 2001, petitioner was found guilty by a jury of robbing and assaulting Charles Reid at Wallace Marine Park in Salem, Oregon. Petitioner was sentenced to a 135-month term of incarceration, with three years post-prison supervision.

After filing a direct appeal and seeking state post-conviction relief, petitioner filed the instant habeas corpus proceeding wherein he raises six grounds for relief. In petitioner's supporting memorandum (filed by appointed counsel), petitioner addresses the following three grounds for relief:

**Ground One:**  The trial court violated petitioner's constitutional rights, guaranteed by the Sixth and Fourteenth Amendments, including the right to be present and the right to counsel of one's choice, by holding the November 23, 2001 status conference in petitioner's absence;

**Ground Two:**  The trial court violated petitioner's constitutional rights, guaranteed by the Sixth and Fourteenth Amendments, when it allowed the State to introduce hearsay statements of the victim as "excited utterances" or "dying declarations";

2 - ORDER

**Ground Six:**     Trial counsel provided ineffective assistance in violation of the Sixth and Fourteenth Amendments in the following particulars: (b) failed to object to petitioner's absence from the November 23, 2001 court hearing; and (c) failed to take the necessary steps, including moving for a continuance, in order to give petitioner an opportunity to obtain retained counsel.

As to the grounds for relief which were not briefed by counsel, I adopt Judge Papak's finding that petitioner failed to meet his burden of proving habeas relief is warranted. See Lambert v. Blodgett, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case); Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) (same).

- **Ground One**

As to Ground for Relief One, I adopt Judge Papak's finding that petitioner failed to *fairly present* this ground to the state courts,[1] and because he is now barred from doing so under state law, the claim is procedurally defaulted. Amended F&R at 18-19; Castille v. Peoples, 489 U.S. 346, 351 (1989). Similarly, I adopt the magistrate judge's conclusion that trial counsel's performance at the November 23, 2001, status check meeting does not constitute "cause" and "prejudice" sufficient to excuse petitioner's procedural default, because trial counsel's conduct was not constitutionally deficient. Amended F&R at 26.

---

[1] I am not persuaded by petitioner's argument that the Eighth Circuit's decision in Clemmons v. Delo, 124 F.3d 944, 948 (8th Cir. 1997), compels a different conclusion *in this context.*

3 - ORDER

In so holding, however, I decline to adopt Judge Papak's discussion at pages 23 through 25, that the deferential standard under 28 U.S.C. § 2254(d) is appropriate when determining whether an attorney rendered constitutionally ineffective assistance of counsel so as to provide "cause" to excuse a procedural default. Rather, I conclude, as Judge Papak ultimately did at page 26 of the Amended Findings and Recommendation, that under either a *de novo* or deferential standard, petitioner has failed to demonstrate that trial counsel's performance was constitutionally deficient under Strickland v. Washington, 466 U.S. 668 (1984).

- **Ground Two**

As to Ground for Relief Two, I adopt Judge Papak's finding that the claim is procedurally defaulted because it was not raised on direct appeal to the Oregon Supreme Court in petitioner's counseled and *pro se* briefs. Amended F&R at 26-27. Further, I adopt Judge Papak's conclusion that petitioner failed to make a colorable showing of actual innocence so as to excuse his procedural default of Grounds One and Two.

- **Ground Six**

I adopt Judge Papak's finding that the state post-conviction court's rejection of petitioner's claim that trial counsel rendered constitutionally deficient assistance at the November 23, 2001, status check meeting, is neither contrary to or an unreasonable application of clearly established federal law.

4 - ORDER

**CONCLUSION**

Based on the foregoing, I ADOPT the Amended Findings and Recommendation #43 as modified.  Petitioner's amended habeas petition (#11) is DENIED, and this proceeding is DISMISSED, with prejudice.

In the event petitioner appeals this decision, a certificate of appealability is GRANTED as to the issues of whether petitioner procedurally defaulted ground for relief one, and whether habeas relief is warranted as to grounds for relief one and six(b) & (c).

IT IS SO ORDERED.

DATED this __5th__ day of March, 2012

/s/Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

5 - ORDER